ELIZABETH YATES' ADMR. *v.* J. O. FISHER.

[Abstract Kentucky Law Reporter, Vol. 4—721.]

**Fraudulent Conveyance.**

   Where land is bought with the husband's money and the conveyance is made to the wife it is fraudulent as to pre-existing debts, and the renewal of notes evidencing a debt does not create a debt so as to make it of date after such a conveyance is made.

APPEAL FROM HENDERSON COURT OF COMMON PLEAS.

February 22, 1883.

OPINION BY JUDGE PRYOR:

What Fisher, the husband, was worth at the date of the conveyance is an immaterial inquiry. If the money paid for the land was that of the husband and the conveyance made to the wife it is fraud-

ulent as to pre-existing debts. The debt here had been created long prior to the conveyance, and the subsequent renewal of the. paper with the wife as security was not a novation or payment of the balance due. The amount of the note sued on is a remnant of the original debt, and there is but little doubt that the money paid for the land was the money of the husband. The testimony of Fisher is also taken, and his own history of the time and manner in which the money was received by the wife is convincing that this property in the wife was an afterthought.·

The husband, it seems, had been doing a large business amounting to many thousands of dollars per annum, and during a period of twenty-five years or more nothing is heard of this exclusive estate in the wife until his circumstances in life change. The father and uncle of the wife, from whom the money was devised, died prior to 1854 and the money was then received. The husband has been using it in his business, but, as he says, by borrowing it from the wife and paying her interest, sometimes executing his note to her and at other times not. It does not appear in this case that the money was held by the husband in trust or ·under any agreement to invest it, and although the effort is to bring the case within the rulé laid down in Lanirim & Glenn, which has gone farther than any other case on the subject, still it is apparent that this control by the wife of her own means for twenty-five years or longer in loans to the husband originated after the wreck of the husband's business and in the effort to save something from the grasp of creditors. Judgment *reversed* and cause remanded for proceedings consistent with this opinion.

*T. E. Ward, for appellant.*

·*Turner & Turner, for appellee.*